**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | CASE NO. 1:11-2829 |
| Plaintiff, | Judge: |
| v. | Magistrate Judge: |
| DOES 1 – 24, | **COMPLAINT** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, Hard Drive Productions, Inc., through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff files this action for copyright infringement under the United States Copyright Act and a related civil conspiracy claim under the common law to combat the willful and intentional infringement of its creative works. Defendants, whose names Plaintiff expects to ascertain during discovery, illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorneys' fees, and other relief.

**THE PARTIES**

2. Plaintiff, Hard Drive Productions, Inc., is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Phoenix, Arizona. Plaintiff is the exclusive owner of the copyright at issue in this Complaint.

3. Plaintiff is a producer of adult entertainment content. Plaintiff invests substantial capital in producing the content associated with its brands and has produced thousands of videos and photographs. The copyrighted work at issue here is one of these adult videos, Amateur Allure – Nicole Graves [hereinafter "Video"].

4. Defendants' actual names are unknown to Plaintiff. Instead, each Defendant is known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among IP addresses listed on Exhibit A, attached hereto, via Bit Torrent protocol. Plaintiff believes that the Defendants' identities will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to identify Defendants. Further, Plaintiff believes that the information gathered in discovery will allow Plaintiff to identify additional Defendants not listed in the Exhibit A, as infringement monitoring is ongoing.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the two claims form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction because upon information and belief, all Defendants either reside or committed copyright infringement in the State of Illinois. Plaintiff

used geolocation technology to trace IP addresses of each Defendant to a point of origin within the State of Illinois. This Court also has personal jurisdiction over non-resident Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2), because they downloaded copyrighted content from or uploaded it to Illinois residents, thus committing a tortious act within the meaning of the statute, and because they participated in a civil conspiracy to commit copyright infringement with Illinois residents.

7. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

8. Joinder of Defendants is proper because all Defendants participated in the same civil conspiracy to commit copyright infringement, which was comprised of series of transactions involved in the distribution of the Video. The series of transactions in this case involved exchanging pieces of the Video file with other Defendants in the group of individuals who were sharing pieces of the file among one another (i.e. the torrent swarm) to obtain a complete copy of the Video. The nature of the BitTorrent distribution protocol necessitates a concerted action by many people in order to disseminate files, such as the Video, and Defendants intentionally engaged in this concerted action with other Defendants and other yet unnamed individuals by entering the torrent swarm. The Defendants are properly joined even if they were not engaged in the swarm contemporaneously because they have contributed to the chain of data distribution. Defendants also share the same questions of law with respect to copyright infringement, including but not limited to:

(A) Whether the Plaintiff is the owner of the copyrighted works at issue;

(B) Whether "copying" has occurred within the meaning of the Copyright Act;

(C) Whether entering a torrent swarm constitutes a willful act of infringement;

(D) Whether entering a torrent swarm constitutes a civil conspiracy; and

(E) Whether and to what extent Plaintiff has been damaged by the Defendant's conduct.

## BACKGROUND

9. BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

10. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

11. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

12. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

13. The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

14. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

15. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

16. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

5

17. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures.

## ALLEGATIONS COMMON TO ALL COUNTS

18. At all times relevant hereto, Plaintiff has been the producer and owner of the Video at issue in this action.

19. Plaintiff is the owner of all rights, title, and interest in the copyright at issue.

20. Plaintiff has applied for copyright registration of the Video and the application is currently pending in the United States Copyright Office.

21. The Video is marked with Plaintiff's logo and trade name and/or is available only to subscribers of Plaintiff's websites, which contain a copyright notice and a statement that age verification records for all individuals are maintained in accordance with 18 U.S.C. § 2257. In addition, the torrent file used to access the copyrighted material was named in a manner that would have allowed an ordinary individual to ascertain that the work was not in the public domain.

22. Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of BitTorrent-based swarms involved in distributing Plaintiff's copyrighted creative works. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

23. Defendants, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into their

BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

24. Plaintiff observed Defendants' activities in the torrent swarm specific to the Video and created a log of IP address identifying each Defendant and the date and time of Defendant's activity, attached hereto as Exhibit A.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

26. Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Each Defendant knew or had constructive knowledge that their acts constituted copyright infringement.

28. Defendants' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

29. Plaintiff has been damaged by Defendants' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendants' conduct.

30. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31. As Defendants' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY

32.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33.     In using the peer-to-peer BitTorrent file distribution method, each Defendant engaged in a concerted action with other Defendants and yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm.

34.     Each of the Defendants downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video.

35.     Participants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy of the file.

36.     In furtherance of this civil conspiracy, Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were willful participants in this joint activity.

37.     As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

## JURY DEMAND

38.     Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1)     Judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the

business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

2) Judgment in favor of the Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3) Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

4) On Count II, an order that Defendants are jointly and severally liable to the Plaintiff in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit copyright infringement; for an award of compensatory damages in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

5) Judgment in favor of Plaintiff against the Defendants awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6) Judgment in favor of the Plaintiff against the Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

[intentionally left blank]

                              Respectfully submitted,

                              Hard Drive Productions, Inc.

DATED: April 27, 2011

                              By:    /s/ John Steele
                                         John Steele (Bar No. 6292158)
                                         Steele Hansmeier PLLC
                                         161 N. Clark St., Suite 4700,
                                         Chicago, IL 60601
                                         312-880-9160; Fax 312-893-5677
                                         jlsteele@wefightpiracy.com
                                         *Attorney for Plaintiff*